Richardson, Ch. J.,
delivered the opinion of the court:
The claimant had a written contract with the defendants to ■deliver at Rosebud Agency, in Dakota Territory, beef cattle *296 to the extent of 2,000,000 pounds weight, for which he was to be paid $3.91 per hundred pounds gross weight.
The deliveries were to be made at the time and in the quantities required by the Indian agent in charge, upon five days’ notice to the contractor. By article 5 the average gross weight at each delivery from May 1 to December 1 was not to be lesa than 850 pounds per head, and from December 1 to May 1 not less than 800 pounds per head. By article 6 it was provided—
“ That for all the cattle offered under this contract which are not in conformity with the requirements of article 5, but which the respective Indian agents may be compelled by the necessities of the service to receive, there shall be a reduction of one (L) per centum in the price agreed upon in article 1 for each and every five (5) pounds or fraction thereof that said cattle so-received shall fall short of the standard weights agreed upon in the preceding article.”
Subsequently the contract was modified “for the interest of the United States,” as set out in the agreement, by which the claimant was to deliver all the balance not previously delivered, between November 20 and 30, 1881, and was to be paid therefor $3.73 per hundred pounds, subject to the stipulation that the terms and condition of the original contract were in nowise altered, changed, modified, or abridged except to the extent mentioned, but were to remain in full force. This kept in force the provisions of articles 5 and 6 of the original contract as to the kind, condition, quality, and weight of the cattle.
Had the cattle been received in November, as required by the modified contract, their average weight should have been 850 pounds per head. But, without any fault of the claimant, they were not then received, although tendered. The Indian agent, being without instructions, refused to accept them, and they were left on the contractor’s hands.
Subsequently, by special order of the Commissioner of Indian Affairs, the cattle were all accepted by the agent, in the month of December, when the contract weight was 800 pounds per head, and they exceeded that average. In the mean time the contractor had been put to the expense of keeping the animals-nearly a month, and had borne the risk of loss by death, injury, and falling off in weight.
But even if the November contract weight of 850 pounds applied to these cattle thus delivered in December, which is *297 by no means clear, we think that, by reason of other action of the defendants and the circumstances disclosed by the findings, the modified contract price is not now subject to any reduction on account of the weight falling below that average.
The contract contemplated that cattle were not to be furnished by the contractor under the specified average contract, weight, nor accepted by the Indian agent unless he was compelled by the necessities of the service to receive them. They were all required to be inspected, and if, in kind, weight, or-otherwise, they did not come up to the contract terms, the defendants’ officers were in duty bound to notify the claimant,, that he might withdraw the objectionable cattle and supply others.
It does not appear that the agent was compelled by the-necessities of the service to accept those cattle which were below 850 pounds weight per head, nor that he made any objection to their weight. On the contrary, he appears to have voluntarily accepted them as they were, and to have been, fully satisfied that they came up to the terms of the contract in every material particular.
In his receipt, given at the very time the deliveries were-made, he says:
“I hereby certify that the beef here receipted for is fuliy equal to the requirements of the contract above mentioned., and in this delivery and receipt each and every condition, provision, and stipulation of the contract has been fully and honestly complied with, and that payment has not been made for the same.”
After thus leading the claimant to understand that he bad complied with all the terms and requirement of his contract,, the defendants could not afterwards legally claim a reduction, in price for underweight when it was too late for him to remedy the matter, even if he would have been obliged to do so at the-time of delivery.
Judgment will be entered for the claimant for the sum of $2,877.19.